————o————

## No. 4781.

Court of Appeal, Parish of Orleans.

PONTCHARTRAIN LAND CO., LTD., VS. J. M. CONNER.

1. Third persons appealing from a judgment to which they are not par-

ties must do so on the record as made up, and cannot ask that the cause be remanded for the purpose of making themselves parties or of offering additional evidence therein.

2. One who transacts his business in the name of another without disclosing his interest cannot afterwards set up that interest to the prejudice of those who have dealt with that party as the only person of interest.

Appeal from the Civil District Court, Division "B."

Hall & Monroe, for Plaintiff and Appellee.

R. J. and P. W. Maloney, for Defendant and Appellant.

ST. PAUL, J. Plaintiff offered a piece of real estate at auction and defendant became adjudicatee. Defendant refused to accept title and plaintiff sued to compel acceptance. Defendant set up an exception of no cause of action and when that was overruled pleaded a general denial.

Afterward plaintiff set up by supplemental petition that defendant by reason of reverses was unable to comply with his bid, that a decree of specific performance would be useless, and accordingly prayed for a forfeiture of the deposit made at the time of the adjudication. To this the defendant filed a general denial and submitted the matter. There was judgment as prayed for in the supplemental petition.

Thereafter J. H. Maloney appealed from said judgment in a petition in which he set up that he was the real party in interest and had furnished the deposit money. This petition was not supported by affidavit. But on the day this case was fixed for argument in this court appellant filed an affidavit to the truth of his petition of appeal, and in open court moved to have the case remanded for the purpose of admitting such evidence as he might wish to offer.

Third persons may appeal from a judgment by which they think they are aggrieved, but in such case they must appeal on the record as they find it, and their interests in the controversy must either appear on the face of the record or be shown by affidavit filed with their petition of appeal. It is too late to file such affidavit in the Appellate Court.

Nor is there any warrant in law or in reason for the court to remand a case to the court below for the purpose of receiving evidence which a party might, but did not, offer in the court

below; or to enable a party to set up pleadings which he might, but did not, set up below.

·Finally, we are of opinion that one who chooses to transact business in the name of another without disclosing his interest therein is estopped from afterward setting up his interest to the prejudice of those who have dealt with the other party as the only one in interest. Equities between parties not made known to outsiders must be settled entirely between themselves.

Judgment affirmed.